UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JULIANA MILENA OJEDA MONTOYA,<br><br>      Petitioner,<br><br>v.<br><br>KEVIN JOYCE,<br>*Sheriff, Cumberland County Sheriffs Office*, et al.,<br><br>      Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)   2:25-cv-00558-SDN<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

On November 7, 2025, Petitioner Juliana Milena Ojeda Montoya filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a temporary restraining order. ECF Nos. 1, 3, 6-1 (Amended Verified Petition). In her verified petition, Ms. Ojeda Montoya asserts that U.S. Immigration and Customs Enforcement ("ICE") has detained her in violation of her right to due process. ECF No. 6-1 at 8–10. According to Ms. Ojeda Montoya, she should be subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a), which would entitle her to a bond hearing before her detention. ECF No. 6-1 at 5. In her petition, she also explains that she was recently charged and arraigned in Leominster, Massachusetts, district court for allegedly cutting a co-worker with a pair of scissors and causing a laceration on the woman's hand. *Id*. at 3; ECF No. 8-4 (police report).

On November 8, 2025, I issued an emergency order enjoining Respondents from removing Ms. Ojeda Montoya from the jurisdiction of the District of Maine and a show cause order directing Respondents to explain why Petitioner's detention was lawful. ECF

1

Nos. 4, 5. The following day, Respondents filed a response to the Court's show cause order, ECF No. 8, asserting that Petitioner is subject to mandatory detention, in part[1] because her state criminal charges might trigger the Laken Riley Act. *See* 18 U.S.C. § 1226(c).

On November 10, 2025, I held oral argument on Ms. Ojeda Montoya's petition. *See* ECF No. 10. The parties disputed whether the Laken Riley Act's mandatory detention provision applied to the facts of Ms. Ojeda Montoya's case, so I ordered further briefing on the Act's applicability. *See id*. Pending the briefing on the merits, I ordered Petitioner conditionally released. ECF No. 14. On November 13, 2025, Respondents filed their supplemental brief in response to my question of the Laken Riley Act's applicability, conceding it is not applicable. ECF No. 15. The following day, Petitioner filed her supplemental brief, maintaining she was unlawfully detained. ECF No. 16.

The Laken Riley Act mandates detention for any noncitizen who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of . . . any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii). "'[S]erious bodily injury' [has] the meaning[] given such term[] in the jurisdiction in which the acts occurred." 8 U.S.C. § 1226(c)(2). Initially, Respondents argued that Ms. Ojeda Montoya was subject to the Laken Riley Act's mandatory detention provision because the cut on the co-worker's hand constituted a "serious bodily injury to another person," ECF No. 8 at 13 (quoting 8 U.S.C.

---

[1] Respondents also assert Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), according to the reasoning in a precedential opinion by the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I.& N. Dec. 216 (B.I.A. Sept. 5, 2025). ECF No. 8 at 16. This Court has held repeatedly that section 1225(b)(2) does not apply to noncitizens who have lived in the United States continuously for over two years—absent other controlling factors not applicable here—and that *Yajure Hurtado* is "unavailing" and not binding on this Court. *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541, at *7 (D. Me. Sept. 22, 2025).

§ 1226(c)(1)(E)(ii)), pursuant to the Massachusetts statute under which Ms. Ojeda Montoya was charged, Mass. Gen. Laws ch. 265, § 15A(d) (2025).[2] However, in their response, Respondents concede that according to a Massachusetts Supreme Judicial Court decision, *Commonwealth v. Scott*, 982 N.E.2d 1166 (Mass. 2013), "the underlying injuries caused by Petitioner's assault on her co-worker—th[]ough obviously serious in a general sense—do not fall within the Laken Riley Act's particular definition of 'serious bodily injury.'" ECF No. 15 at 2; *see Scott*, 982 N.E.2d at 1169 ("An impairment of a bodily function arises when a part or system of the body (other than an organ or limb) is significantly impeded in its ability to fulfil its role.").

Because the crime for which Ms. Ojeda Montoya was charged does not fall within the category of crime for which mandatory detention applies, *see* 8 U.S.C. § 1226(c)(1)(E)(ii), which the Respondents concede, ECF No. 15 at 2, I find Ms. Ojeda Montoya is a noncitizen who has been in the country continuously for more than two years, not seeking admission to the United States pursuant to 8 U.S.C. 1225(b)(2), and not subject to mandatory detention. Because Ms. Ojeda Montoya is not subject to mandatory detention pursuant to the Laken Riley Act, and because, as the parties agree, ECF Nos. 8 at 16, 16 at 2–3, Ms. Ojeda Montoya's case is not substantively different from *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541 (D. Me. Sept. 22, 2025), she is subject to detention only pursuant to 8 U.S.C. 1226(a), and my reasoning in that case controls here.

---

[2] According to that statute, "'serious bodily injury' shall mean bodily injury which results in a permanent disfigurement, loss or impairment of a bodily function, limb or organ, or a substantial risk of death." Mass. Gen. Laws ch. 265, § 15A(d).

Accordingly, I **GRANT** the Petitioner's amended verified habeas petition. ECF No. 6-1. Petitioner will remain released subject to the same conditions imposed by my previous order. ECF No. 14. I **ORDER** that she receive an individual bond hearing pursuant to section 1226(a). The Government is enjoined from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner and the Government shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2) no sooner than 45 days from the date of the Order in this case. The Government is further **ORDERED** to file a status report within five days of Petitioner's bond hearing, stating whether the Petitioner has been granted bond, and, if her request for bond was denied, the reasons for that denial.

**SO ORDERED.**

Dated this 17th day of November, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**